Fuld, J.
(concurring). Death prevented a key witness from appearing at the trial of this negligence action. The testimony which he had previously given under oath upon a hearing before the Deputy Commissioner of Motor Vehicles was excluded below. We are asked, in support of that ruling, to say, in effect, *340 that, despite their responsibility to come as close as possible to the truth, the courts in civil cases are required to deny themselves the best available hearsay evidence, namely, testimony previously given under oath at an administrative hearing by the now deceased witness and tested by the cross-examination of the very party against whom it is sought to be used. Procedural rules are best calculated to serve justice if they permit admission of such testimony, provided only that the jury is adequately instructed by the court on the difficulties in evaluating hearsay and the opposing party is given an opportunity to investigate and produce evidence in derogation of the challenged hearsay. (See, e.g., Weinstein, Probative Force of Hearsay, 46 Iowa L. Rev. 331.)
The precise issue posed, therefore, is whether the Legislature, by adopting section 348 of the Civil Practice Act (now CPLR 4517), limited the power of the courts to admit this evidence. I agree with the Chief Judge that history and the statutory scheme reveal no such limitation.
New York, like most Anglo-American jurisdictions, has never adopted a comprehensive scheme of evidence. Field’s proposal, for a New York Code of Evidence was ignored. (See Field and Rumsey, Final Report of the New York Commissioners to Report a Code of Evidence [1889].) Neither the Model Code of Evidence nor the Uniform Rules of Evidence have been considered for adoption by this State’s Legislature, although the Advisory Committee on Practice and Procedure urged that a code of evidence, somewhat similar to those proposed in New Jersey, Kansas and Utah, be adopted. (See Second Preliminary Report of the Advisory Committee on Practice and Procedure, N. Y. Legis. Doc., 1958, No. 13, pp. 87-88; see, also, Preliminary Report of Special Committee on Evidence, Committee on Rules of Practice and Procedure of Judicial Conference of United States [1962], 30 F. D. R. 73; Degnan, The Law of Federal Evidence Reform, 76 Harv. L. Rev. 275.)
Our statutory provisions cover only a few of the hearsay exceptions developed by the courts and recognized in New York. (Compare CPLR 4517-4518, 4520-4534 with Uniform Rules of Evidence, rules 62-66; Wigmore, Evidence [3d ed., 1940], vol. 5, §§ 1420-1684; vol. 6, §§ 1690-1810.) The fact, therefore, that the Legislature has adopted a rule sanctioning the admission *341 of testimony previously given in a related “ action ” or “ special proceeding ” does not imply a design to exclude the introduction of testimony given in an adversarial setting before an administrative officer or other administrative tribunal. ('See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4517.27, at p. 45-266.)
Whether prior testimony before an administrative body would have been admissible in 1879, when the predecessor of CPLR 4517 was adopted, is not significant. The common law of evidence is constantly being refashioned by the courts of this and other jurisdictions to meet the demands of modern litigation. Exceptions to the hearsay rules are being broadened and created where necessary. (See, e.g., Matter of White, 2 N Y 2d 309; Dallas County v. Commercial Union Assur. Co., 286 F. 2d 388, 395.) Absent some strong public policy or a clear act of pre-emption by the Legislature, rules of evidence should be fashioned to further, not frustrate, the truth-finding function of the courts in civil eases.
Judges Dye, Van Voorhis, Burke and Scileppi concur with Chief Judge Desmond ; Judge Field concurring in a separate opinion in which all concur; Judge Bergan taking no part.
Order reversed and a new trial granted, with costs to abide the event.